JAMES ROSENFELD (*pro hac vice* application to be submitted)
   jamesrosenfeld@dwt.com
DIANA PALACIOS (SBN 290923)
   dianapalacios@dwt.com
ADRIAN VALLENS (SBN 332013)
   adrianvallens@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 636-6899

*Counsel for Petitioner*
*TWITCH INTERACTIVE, INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TWITCH INTERACTIVE, INC., <br><br> Petitioner, <br><br> v. <br><br> FISHWOODCO GMBH DBA LOOTS, <br><br> Respondent. | CASE NO.: <br><br> **NOTICE OF PETITION AND PETITION TO CONFIRM ARBITRATION AWARDS AND FOR ENTRY OF JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **[FILED UNDER SEAL]** |

PETITION TO CONFIRM ARBITRATION AWARDS

**TO RESPONDENT FISHWOODCO GMBH DBA LOOTS, AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on as soon as this matter may be heard in the United States District Court, Northern District of California – San Jose Division, located at 2112 Robert F. Peckham Federal Building and the United States Courthouse, 280 S. First Street, San Jose, CA 95113-3002, Petitioner Twitch Interactive, Inc. ("Twitch" or "Petitioner"), will and hereby does petition this Court under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), as implemented by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201 *et seq.*, for an order: (1) confirming in its entirety the Arbitration Awards dated January 4, 2021, May 7, 2021, and February 25, 2022 (the "Final Awards"), issued by the Honorable Elizabeth D. Laporte (ret.) (the "Tribunal"), in the matter of *Twitch Interactive, Inc. v. Fishwoodco GmbH d/b/a Loots* ("Respondent" or "Loots"), JAMS Ref. No. 1110024636; (2) entering final judgment on those Final Awards, ████████████████████████████████████████████████████████████████████████████████████████; and (3) granting such other relief as is just and proper.

This Petition is based on this notice of hearing on the Petition, the accompanying Petition and attached memorandum of points and authorities, the attached Declarations of Jordan Gimbel and Diana Palacios in Support of Petitioner's Petition to Confirm Arbitration Award and for Entry of Judgment and the attached exhibits thereto, other pleadings that may be filed in this matter, and any argument or evidence that might be offered at the hearing on this matter.

DATED: June 2, 2022

DAVIS WRIGHT TREMAINE LLP
JAMES ROSENFELD
DIANA PALACIOS
ADRIAN VALLENS

By: _____
       Diana Palacios

*Attorneys for Petitioner*
TWITCH INTERACTIVE, INC.

# PETITION TO CONFIRM ARBITRATION AWARD
# AND FOR ENTRY OF JUDGMENT

Pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), as implemented by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201 *et seq.*, Petitioner Twitch, through its attorneys, hereby moves for (a) confirmation of three final awards entered by the Tribunal on January 4, 2021, May 7, 2021, and February 25, 2022 respectively (the "Final Awards"), in the matter of *Twitch Interactive, Inc. v. Fishwoodco GmbH d/b/a Loots*, JAMS Ref. No. 1110024636, and (b) entry of final judgment on those Final Awards. *See* Declaration of Diana Palacios ("Palacios Decl.") Ex. A (January 4, 2021 Order), Ex. B ( May 7, 2021 Order), Ex. C (Feb. 25, 2022 Order).

[redacted]

Accordingly, Petitioner now respectfully petitions this Court for an order:

(1)   confirming the Final Awards;

(2)   [redacted]

1  ████████████████████████████████████████████
2  ████████████████████████████████████████████████
3  ████████████████████████████████████████████████
4  ████████████████████████████████████████████████
5  ██████████

6     (3)    any such other relief in favor of Twitch as is just and proper.

**Parties**

8     1.    Petitioner Twitch Interactive, Inc. is a Delaware corporation with its principal place of business in San Francisco, California.

10     2.    Respondent Fishwoodco Gmbgh, doing business as Loots, is a German-based corporation or other legal entity organized under the laws of Germany, with its principal place of business in Germany.

**Jurisdiction and Venue**

14     3.    Jurisdiction in this Court is proper under 9 U.S.C. § 203, which states that United States district courts shall have original jurisdiction over an action that falls under the New York Convention.  Because this action concerns an "Arbitral award arising out of a legal relationship . . . which is considered as commercial" and is not an "award arising out of such a relationship which is entirely between citizens of the United States," 9 U.S.C. § 202, this action falls under the New York Convention.  Here, the Final Awards were based on Twitch's Terms of Service, Trademark Guidelines, and Developer Services Agreement, which are contracts governing Twitch services, which Respondent, a German corporation, agreed to abide by such that this is not an action entirely between citizens of the United States.  This matter is between a citizen of Delaware and one of Germany, and the amount in controversy exceeds the sum or value of $75,000 pursuant to 28 U.S.C. § 1332, and involves violations of, *inter alia*, the federal Lanham Act pursuant to 28 U.S.C. § 1331.  ████████████████████

26 ████████████████████████████████████████████████
27 ████████████████████████████████████

28     4.    This Court also has personal jurisdiction over Petitioner and Respondent.  Both

1  parties purposefully availed themselves of the benefits and protections of federal law via use of
2  Twitch's services, and through their agreement to voluntarily arbitrate claims arising out of their
3  contacts in California state or federal courts, which they so did in the aforementioned proceedings.

4      5.    Venue in this Court is proper pursuant to 9 U.S.C. § 204 because this is the Court
5  for the "district and division which embraces the place designated in the agreement as the place of
6  arbitration."  Twitch's Terms of Service govern access to and use of the Twitch services such as
7  those described below, and Respondent agreed to abide by the Terms of Service by registering an
8  account with Twitch, using Twitch's services, and/or by accessing Twitch's API to, among other
9  things, develop, test, or use their advertising application Loots.  *See* Palacios Decl. ¶ 3.  Twitch's
10 Terms of Service state that "the state or federal courts in Santa Clara County, California have
11 exclusive jurisdiction over any appeals of an arbitration award," and three such awards were so
12 made.  *Id.* ¶¶ 4-8; *see also* Gimbel Decl. Ex. A ¶ 8 (Terms of Service from February 18, 2017);
13 Gimbel Decl. Ex. B ¶ 15(d)(i) (Terms of Service in effect on September 16, 2020).

**Intradistrict Assignment**

15     6.    Assignment to the San Jose Division is proper under Local Civil Rule 3-2(e)
16 because the parties' agreed that "the state or federal courts in Santa Clara County, California have
17 exclusive jurisdiction over any appeals of an arbitration award and over any suit between the
18 parties not subject to arbitration."  *See id.*

**Relevant Facts[1]**

20     7.    Petitioner is one of the world's leading services for content creators to stream
21 content as part of a social, interactive community.  *See* Gimbel Decl. ¶ 2.  Each month, millions of
22 people come together to create their own entertainment: live, never-to-be repeated experiences
23 created by the magical interactions of the many.  *See id.*  In 2020, users watched over 1 trillion
24 minutes of content, and Twitch.tv had 30 million average daily visitors.  *See id.*  Twitch's success
25 is due in part to the measures it has taken to create a safe and accessible community for its

---

[1] The facts listed herein are taken from the Tribunal's Final Awards and/or the Gimbel and Palacios Declarations attached to this Petition.  A fuller rendition of the facts relating to this Petition can be found in the Final Awards.

1  millions of users. *See id.*

2  8. On Twitch, streamers (those Twitch users who share live content on the service)
3  engage and entertain their viewers. *See* Gimbel Decl. ¶ 3. Twitch enables streamers to earn a
4  livelihood by offering them ways to monetize their streaming. *See id.* Two specific ways that
5  streamers can earn a livelihood are by participating in the Twitch Affiliate and Twitch Partnership
6  programs. *See id.* Among other ways that Twitch allows Affiliates and Partners to monetize their
7  streaming, it pays them a share of the revenue generated via advertising on their respective Twitch
8  channels. *See id.*

9  9. █████████████████████████████████
10 █████████████████████████

11 10. ████████████████████████████████
12 ████████████████████████████████████
13 ███████████████████████

14 11. ████████████████████████████████
15 ████████████████████████████████████
16 ████████████████████████████████████
17 ███████████████████

18 12. ██████████████████████████████
19 ████████████████████████████████
20 ████████████████████████████████████
21 ████████████████████████████████████
22 ████████████████████████████████████
23 ██████████████████████████████████
24 ████████████████████████

25 13. ████████████████████████████████
26 ████████████████████████████████████
27 ██████████████████████████████████
28 ████████████████████████████████████

1 ██████████████████████████████████ Collectively, these documents are known as the

2 "Agreements."[2]

3     14.    The Terms of Service and Developer Services Agreements contain numerous prohibitions and restrictions including against collection of personal information about users with consent, accessing computer resources of Twitch via automated means, using its services in violation of intellectual property law, prohibiting use of its marks without written permission or in a way that suggests an affiliation with Twitch, and regulating the use of data collecting through using Twitch's services. *See id.* at p. 4.

    15.    Twitch's Terms of Service also contain the following arbitration provision:

> You and Twitch agree to arbitrate any dispute arising from these Terms of Service or your use of the Twitch Services, except that you and Twitch are not required to arbitrate any dispute in which either party seeks equitable and other relief for the alleged unlawful use of copyrights, trademarks, trade names, logos, trade secrets, or patents. ARBITRATION PREVENTS YOU FROM SUING IN COURT OR FROM HAVING A JURY TRIAL. You and Twitch agree that you will notify each other in writing of any dispute within thirty (30) days of when it arises. Notice to Twitch shall be sent to: Twitch Interactive, Inc., Attn: Legal, 350 Bush Street, 2nd Floor, San Francisco, CA 94104. You and Twitch further agree: to attempt informal resolution prior to any demand for arbitration; that any arbitration will occur in Santa Clara County, California; that arbitration will be conducted confidentially by a single arbitrator in accordance with the rules of JAMS; and that the state or federal courts in Santa Clara County, California have exclusive jurisdiction over any appeals of an arbitration award and over any suit between the parties not subject to arbitration. Other than class procedures and remedies discussed below, the arbitrator has the authority to grant any remedy that would otherwise be available in court. Any dispute between the parties will be governed by this Agreement and the laws of the State of California and applicable United States law, without giving effect to any conflict of laws principles that may provide for the application of the law of another jurisdiction. Whether the dispute is heard in arbitration or in court, you and Twitch will not commence against the other a class action, class arbitration, or other representative action or proceeding.

---

[2] During the Arbitration, there were two Terms of Service (and, incorporated within, Trademark Guideline) agreements: one from February 18, 2017, and the other in effect on September 16, 2020, the approximate date of ██████████████████████████ ██████ *See* Gimbel Decl. Exs. 1 & 2 (Terms of Service) and Gimbel Decl. Exs. 3 & 4 (Trademark Guidelines). There were also two operative Developer Service Agreements: one dated July 19, 2018 before Respondent signed up for a Developer account, and the other in effect on September 16, 2020, the approximate date of ████████████████████████████ ██████ *See* Gimbel Decl. Exs. 5 & 6. ████████████████████████████████████ █████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████

PETITION TO CONFIRM ARBITRATION AWARDS    - 6 -    DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

*See* Gimbel Decl. Ex. B ¶ 15.d.(i) (Terms of Service in effect on September 16, 2020); *see also* Gimbel Decl. Ex. A ¶ 8 (Terms of Service from February 18, 2017).

16. ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
█

17. ████████████████████████████████
████████████████████████████████

18. ████████████████████████████████
████████████████████████████████
████████████████████████████████████████
██████████████████

19. ████████████████████████████████
████████████████████████████████
██████████████████████████

20. ████████████████████████████████████████
████████████████████
████████████████████████████████████

21. ████████████████████████████████
████████████████████████████████
████████████████████████████████████████
████████████████████████████████
████████████████████████████████████████
██████████████

22. ████████████████████████████████

---

[3] JAMS modified its International Arbitration Rules on June 2, 2021. ████████
████████████████████████████████
████████████████████████████

PETITION TO CONFIRM ARBITRATION AWARDS   - 7 -   **DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

1
2
3
4
5    23.  █████████
6
7
8
9
10
11   24.  █████████
12
13
14
15
16
17
18
19   25.  █████████
20
21
22
23
24
25
26
27
28

26. ▇▇▇

27. ▇▇▇

28. ▇▇▇

29. ▇▇▇

PETITION TO CONFIRM ARBITRATION AWARDS — - 9 -

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

1  ████████████████████████████████████████████

2  ████████████████████████████████████████████

3  ████████████████████████

4      30.   ████████████████████████████████████

5  ████████████████████████████████████████████

6  ████████████████████████████████████████████

7  ████████████████████████████████████████████

8  ██████████████████████████

9      31.   ████████████████████████████████████

10 ████████████████████████████████████████████

11 ████████████████████████████████████████████

12 ████████████████████████████████████████████

13 ████████████████████████████████████████████

14 ██████████████████████████████████████████

15 ██████████████████████████████████████████

16 ████████████████████████████████████████████

17 ████████████████████████

### **Request for Confirmation of the Award**

32. Petitioner incorporates the preceding paragraphs as if fully set forth herein.

33. Pursuant to the Final Awards, the Tribunal has awarded in favor of Petitioner and against Respondent.

34. The Tribunal's Final Awards were made in accordance with the terms and provisions of the parties' written agreement, and applicable law, and is in all respects proper.

35. Neither Respondent nor any representative acting on its behalf has made an application for correction or modification of the Award, nor has Respondent filed a motion to vacate, modify, or challenge with a court of competent jurisdiction.

36. Petitioner brings this petition within three years after the delivery of the Award.

37. Post-award, pre-judgment interest should be entered from the date of the Award to

1  the date this Court enters judgment confirming the Award, pursuant to federal law.

2      38.    Post-judgment interest should be entered from the date of entry of judgment
3  confirming the Award at the federal statutory rate pursuant to 28 U.S.C. § 1961(a).

4      39.    WHEREFORE, Petitioner respectfully requests that the Court: (i) confirm the
5  Tribunal's Final Awards; (ii) direct the entry of judgment in favor of Petitioner and against
6  Respondent ████████████████████████████████████████████
7  ████████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████████
10 ████████████████████████████; and (iii) grant such other relief in favor of
11 Petitioner as is just and proper.

13 DATED: June 2, 2022

DAVIS WRIGHT TREMAINE LLP
JAMES ROSENFELD
DIANA PALACIOS
ADRIAN VALLENS

By: /s/ Diana Palacios
    Diana Palacios

*Attorney for Petitioner*
*TWITCH INTERACTIVE, INC.*

PETITION TO CONFIRM ARBITRATION AWARDS     - 11 -

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

This is a Petition to confirm three Arbitration Awards recently issued by a JAMS Tribunal pursuant to JAMS International Arbitration Rules, and which awarded Petitioner Twitch ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ against Respondent Loots.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

For the reasons set forth below, Petitioner seeks an order both confirming the Final Awards, and enforcing judgment as to the same.

## II. FACTUAL BACKGROUND

Petitioner is one of the world's leading services for content creators to stream content, where millions of people come together to create their own entertainment. *See* Petition ¶ 7. For example, in 2020, users watched over 1 trillion minutes of content, and Twitch.tv had 30 million average daily visitors. *See id.*

Among other ways, Twitch allows streamers (those Twitch users who share live content on the service) to monetize their streaming by paying them a share of the revenue generated via advertising on their respective Twitch channels. *See id.* ¶ 8. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1  ████████████████████████████████████████████████████
2  ████████████████████████████████████████████████████
3  ████████████████████████████████████████████████████
4  ██████████████████████████████████████████
5  ████████████████████████████████████████████████████
6  ██████████████████████████████████████████████
7      ████████████████████████████████████████████
8  ████████████████████████████████████████████████
9  ████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████
12 ████
13     ████████████████████████████████████████████
14 ████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████
16 ████████████████████████████████████████████
17 ████████████████████████████████████████████████
18 ████████████████████████████████████████████████████
19 ████████████████████████████████████████████████
20 ██████████████████████████████████████
21     ████████████████████████████████████████████████
22 ████████████████████████████████████████████████████
23 ██████████████████████████████████████████████
24 ████████████████████████████████████████████████
25 ████████████████████████████████████████████████████
26 ████████████████████████████████████████████████████
27 ████████████████████████████████████████████████████
28

1  ███████████████████████████████████████████████
2  ███
3  ████████████████████████████████████████████
4  █████████████████████████████████████████
5  █████████████████████████████████████████
6  █████████████████████████████████████████
7  ██████████████████████████████████████████████
8  ███████████████████████████████████████
9  █████████████████████████████████████████
10 █████████████████████████████████████████
11 ██████████████████████████

## III. ARGUMENT

### A. Petitioner is Entitled to Judgment on the Award

Confirmation of an arbitration award is a summary proceeding, which converts a final arbitration award into a judgment of the court. *See Braunhagey & Borden LLP v. GMP Haw., Inc.*, No. 13-cv-05253-TEH, 2014 WL 662496, at *3 (N.D. Cal. Feb. 20, 2014) (citing *Ministry of Def. and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1094 n.1 (9th Cir. 2011)). "Once an award is confirmed, it has the same force and effect as a judgment in a civil action, and may be enforced by any means available to enforce civil judgments . . . . The Court's task is to determine whether the parties agreed to arbitrate their dispute and whether they agreed to permit confirmation of the award." *Id.* Moreover, federal law governing the confirmation of arbitral awards offers a strong congressional policy favoring arbitration. This policy applies "with special force in the field of international commerce." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985).

#### 1. The Court has Jurisdiction to Confirm the Award

This Court has original jurisdiction to confirm the Award under 9 U.S.C. § 203. This is not an action entirely between citizens of the United States as Petitioner is a Delaware corporation with its principal place of business in California, while Respondent is a German corporation or

1   other legal entity organized under the laws of Germany with its principal place of business in
2   Germany, and this matter in controversy exceeds the sum or value of $75,000.  *See* Pet. ¶¶ 1-3.
3   Moreover, this dispute involves commercial contracts governing Twitch streaming services and
4   advertising, including by Respondent, implicating issues of federal law, including through
5   Respondent's violations of the Lanham Act.  *See id.* ¶ 3, 26.  ███████████████████
6   ████████████████████████████████████████████████████████████████
7   ███████████████████████████████████████  The Court also has personal jurisdiction over
8   Petitioner and Respondent: both parties purposefully availed themselves of the benefits and
9   protections of federal law and California law via use of Twitch's services, and the parties agreed
10  to and did arbitrate their claims arising out of their contracts in California.  *See, e.g.*, *Fireman's*
11  *Fund Ins. Co. v. National Bank of Cooperatives,* 103 F.3d 888, 894-95 (9th Cir. 1996) (holding
12  that agreeing to arbitrate and participating in arbitration in San Francisco supported personal
13  jurisdiction over a non-resident defendant); Pet. ¶ 4.
14          Furthermore, venue is proper in this judicial district under 9 U.S.C. § 204, as this is the
15  Court for the district and division which embraces the place designated in the agreement as the
16  place of arbitration.  The Terms of Service state that "the state or federal courts in Santa Clara
17  County, California have exclusive jurisdiction over any appeals of an arbitration award," and three
18  such awards were so made.  *See* Petition ¶¶ 5, 6, 15; *see also* Gimbel Decl. Exs. A ¶ 8 & B ¶
19  15(d)(i) (Terms of Service).
20                    **2.      Petitioner is Entitled to an Order Confirming the Award**
21          Pursuant to the New York Convention, "within three years after an arbitral award falling
22  under the Convention is made, any party to the arbitration may apply to any court having
23  jurisdiction under this chapter for an order confirming the award as against any other party to the
24  arbitration."  9 U.S.C. § 207.  Under Article IV of the New York Convention, which is
25  incorporated into Chapter 2 of the FAA, the party petitioning the court for confirmation is required
26  to provide "[t]he duly authenticated original award or a duly certified copy thereof," and "[t]he
27  original agreement" or "a duly certified copy thereof," art. IV § 1, and upon receipt, the court
28  "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or

1  enforcement of the award specified in the said Convention."  9 U.S.C. § 207; *see Ministry of Def.*
2  *of the Islamic Republic of Iran v. Gould, Inc.*, 969 F.2d 764, 770 (9th Cir. 1992) (mandatory
3  language of the FAA offers court "little discretion").

4        The New York Convention sets forth limited grounds for refusing confirmation: (1) lack of
5  capacity of a party or invalidity of the arbitration agreement; (2) lack of proper notice or inability
6  to present a case; (3) the award goes beyond the scope of the submission to arbitration; (4) the
7  composition of the arbitration tribunal or the arbitration procedures were not in accordance with
8  the parties' agreement or the applicable law; (5) the award has not yet become binding or has been
9  set aside by a competent authority; (6) the subject matter of the dispute is not capable of being
10 arbitrated; and (7) recognition of the award would be contrary to public policy of that country.
11 New York Convention, Article V § 1; *see Tianjin Port Free Trade Zone Int'l Trade Serv. Co. v.*
12 *Tiancheng Int'l, Inc.*, No. ED CV 17-2127 PA (SHKx), 2018 WL 4502497, at *3 (C.D. Cal. Sept.
13 18, 2018).  These defenses were incorporated under the FAA pursuant to 9 U.S.C. § 207 ("The
14 court shall confirm the award unless it finds one of the grounds for refusal or deferral of
15 recognition or enforcement of the award specified in the said Convention.").  Notably, it is the
16 party opposing confirmation that bears the burden of proving that one of these narrow grounds
17 applies.  *See Gould*, 969 F.2d at 770.  These grounds are to be "construed narrowly" in conformity
18 with the Convention's "general pro-enforcement bias."  *Id.* (citation and internal quotation marks
19 omitted).  Or, to put it differently, a court *must* confirm a foreign arbitral award unless the party
20 resisting enforcement meets its "substantial" burden of proving one of the narrowly interpreted
21 defenses.  *See Polimaster Ltd. v. RAE Sys., Inc.*, 623 F.3d 832, 836 (9th Cir. 2010).

22       Here, Petitioner meets all requirements necessary for confirmation.  As an initial matter,
23 Petitioner has provided Exhibits A, B, C, and D to the Palacios Declaration, which are duly
24 certified copies of the Final Arbitration Awards.  *See* Palacios Decl. Exs. A (January 4, 2021
25 Order), B (May 7, 2021 Order), C (Feb. 25, 2022 Order); *see also* D (JAMS Certification of Final
26 Awards).  Petitioner has also provided duly certified copies of the Terms of Service containing the
27 arbitration provision, as well as the Trademark Guidelines and Developer Services Agreement.
28 *See* Gimbel Decl. Exs. A & B (Terms of Service), 3 & 4 (Trademark Guidelines), and 5 & 6

PETITION TO CONFIRM ARBITRATION AWARDS    - 16 -    DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

(Developer Service Agreements). This satisfies the certified copy requirements of the New York Convention's Article IV. *See, e.g.*, *Wong To Yick Wood Lock Ointment Ltd. V. Madison One Acme Inc.*, 2015 WL 13919442, at *5 (C.D. Cal. Apr. 2015) (certification by petitioner's counsel or arbitration entity of arbitration documents required under the New York Convention is permissible) (citing cases).[4] Finally, Petitioner also attaches to the Petition a declaration certifying that the Terms of Service, Trademark Guidelines, and Developer Service Agreement are true and accurate copies. *See* Gimbel Decl. ¶ 4.

Furthermore, none of the statutory bases for refusing to confirm an arbitration award pursuant to the New York Convention apply in the instant matter. The Final Awards were made pursuant to valid arbitration agreements. Each party was provided the opportunity to present their case; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The Final Awards were made in accordance with the terms and provisions of the Agreement. The Final Award is final and enforceable, and the arbitration process and arbitrator were in accordance with the Agreement. As such, this Court should confirm Petitioner's Final Awards, and enter judgment accordingly.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[4] Unlike for domestic awards under the FAA, confirmation of awards pursuant to the New York Convention do not require confirmation on the express or implicit consent of the parties. *See, e.g.*, *Phoenix Aktiengesellschaft v. Ecoplas, Inc.,* 391 F.3d 433, 436 (2d Cir. 2004); *Polimaster Ltd. v. RAE Sys., Inc.,* No. C 05-1887, 2009 WL 196169, at *5-6 (N.D. Cal. Jan. 13, 2009), *rev'd on other grounds*, 623 F.3d 832 (9th Cir. 2010).

1  ████████████████████████████████████

2  ████

3       Respondent has not sought to vacate, modify, or challenge the Final Awards, such that the limited statutory grounds under sections 10 and 11 of the FAA are not present. *See id.* ¶ 35; Palacios Decl. ¶ 11.

      Accordingly, the Court should confirm Petitioners' Final Awards pursuant to 9 U.S.C. § 207, and enter judgment thereon pursuant to 9 U.S.C. § 13.

### B. Petitioner is Entitled to Post-Award and Post-Judgment Interest

      This Court also has discretion to award Petitioners post-award, pre-judgment interest. *See Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1103 (9th Cir. 2011) ("federal law allows a district court to award post-award, prejudgment interest in actions under the New York Convention"). Without an award of post-award, pre-judgment interest, Loots, as "the losing party in the arbitration has 'an incentive . . . to withhold payment'—a result contrary to the purposes of the Convention." *Id.* "Where an award is silent on whether a party may recover post-award interest, prejudgment interest is consistent with the award." *See, e.g.*, *Purus Plastics GmbH v. Eco-Terr Distrib., Inc.*, No. C18-0277JLR, 2018 WL 3064817, at *10 (W.D. Wash. June 21, 2018) (citation omitted, and noting that courts presume post-award prejudgment interest absent a persuasive showing to the contrary). To calculate post-award, pre-judgment interest, the Ninth Circuit generally uses the "interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961." *See id.* (citing cases). As such, the Court should award post-award prejudgment interest from the date of the most recent Final Award (February 25, 2022), at the appropriate rate set forth according to 28 U.S.C. § 1961.

      The Court should also award post-judgment interest under federal law. "Post-judgment interest on a district court judgment is mandatory per 28 U.S.C. § 1961 . . . . Post-judgment interest should be awarded on the entire amount of the judgment, including any pre-judgment interest . . . Typically, post-judgment interest is awarded from the date of judgment until the judgment is satisfied." *Lagstein v. Certain Underwriters at Lloyd's of London*, 725 F.3d 1050, 1056 (9th Cir. 2013) (granting post-judgment interest on an arbitration award), *see also Fid. Fed.*

*Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021 (9th Cir. 2004) ("However, once an arbitration award is confirmed in federal court, the rate specified in § 1961 applies. This is the case even if the arbitration award purported to grant post-judgment interest." (internal citations omitted)). Therefore, post-judgment interest should also be awarded from the date of the judgment on this petition, at the appropriate rate pursuant to 28 U.S.C. § 1961.

## IV. CONCLUSION

For the foregoing reasons, Petitioner Twitch respectfully asks this Court to (1) confirm in its entirety the Final Awards; (2) enter final judgment on the Final Awards, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; and (3) grant such other relief in favor of Twitch, Interactive Inc. as is just and proper.

DATED: June 2, 2022

                                        DAVIS WRIGHT TREMAINE LLP
                                        JAMES ROSENFELD
                                        DIANA PALACIOS
                                        ADRIAN VALLENS

                                        By: _____
                                            Diana Palacios

                                        *Attorneys for Petitioner*
                                        *TWITCH INTERACTIVE, INC.*