UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TWITCH INTERACTIVE, INC.,<br><br>Petitioner,<br><br>v.<br><br>FISHWOODCO GMBH dba LOOTS,<br><br>Respondent. | Case No. 22-cv-03218-VKD<br><br>**ORDER GRANTING MOTION TO APPOINT INTERNATIONAL PROCESS SERVER**<br><br>Re: Dkt. No. 10 |

Petitioner Twitch Interactive, Inc. ("Twitch") filed this action, seeking an order confirming certain arbitration awards issued in the matter of *Twitch Interactive, Inc. v. Fishwoodco GmbH d/b/a Loots*, JAMS Ref. No. 1110024636, as well as the entry of final judgment on those awards. Dkt. No. 1. According to Twitch, respondent Fishwoodco GmbH (doing business as Loots) is a German corporation with its principal place of business in Germany. *Id*. at 3. Twitch now moves for an order pursuant to Rule 4(f)(1) appointing Celeste Ingalls, Director of Crowe Foreign Services in Portland, Oregon, as an "international process server" who will "forward to the Central Authority in Germany any and all documents to be served in this case to effect service on [respondent]." Dkt. No. 10 at 1. The matter is deemed suitable for determination without oral argument. Civil L.R. 7-1(b). Upon consideration of the moving papers, the Court grants Twitch's motion.

"Unless federal law provides otherwise," Rule 4(f)(1) of the Federal Rules of Civil Procedure permits service of summons on an individual in a foreign country "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial

Documents." Under Rule 4(h)(2), service of process on a foreign business entity may be made in the same manner as on individuals under Rule 4(f).

Where the Hague Convention applies, compliance with its provisions is mandatory. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988). Article 3 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"), provides for service of process through the destination county's Central Authority; Article 10 of the Convention provides that if the destination country does not object, service may be accomplished through several alternate means, including "postal channels," as well as "judicial officers, officials or other competent persons" of the country of origin "directly through the judicial officers, officials or other competent persons" of the destination country. Hague Service Convention, art. 3, 10, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 6638; *see also Leon v. Continental AG*, 176 F. Supp. 3d 1315, 1317 (S.D. Fla. 2016). Germany is a signatory to the Hague Convention[1] and objects to service under Article 10.[2] *See Leon*, 176 F. Supp. 3d at 1317-18; *see also Updateme, Inc. v. Axel Springer SE*, No. 17-cv-05054-SI, 2018 WL 306682, at *2 (N.D. Cal. Jan. 5, 2018); *Agha v. Jacobs*, No. C07-1800 RS, 2008 WL 2051061, at *1 (N.D. Cal. May 13, 2008). Instead, service under the Hague Convention must proceed through Germany's Central Authority. *Leon*, 176 F. Supp. 3d at 1318; *Updateme, Inc.*, 2018 WL 306682 at *2.

Article 3 of the Hague Service Convention provides that "[t]he authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalisation or other equivalent formality." Hague Service Convention, art. 3, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 6638. In support of Twitch's present motion, Ms. Ingalls submits a declaration in which she states that she has more than 26 years of experience preparing, signing, and forwarding requests for service of process in

---

[1] https://travel.state.gov/content/travel/en/Intercountry-Adoption/Adoption-Process/understanding-the-hague-convention/convention-countries.html.

[2] https://www.hcch.net/en/instruments/specialised-sections/service.

accordance with the Hague Service Convention to other countries, including Germany. Dkt. No. 10-1 ¶ 4. Additionally, Ms. Ingalls avers that "German Central Authorities, and various German courts responsible for executing service in Germany, have informed [her] over the past 26 years that their interpretation of Article 3 only permits judicial officers of United States courts to directly request service in accordance with the Hague Service Convention." *Id*. ¶ 8. Further, Ms. Ingalls states that "[if] the US court itself does not issue a formal Hague service request, Germany requires that an individual requesting formal Hague service must be specifically authorized by the forum court as a competent officer of the court <u>for the purpose of requesting service in accordance with the Hague Service Convention</u>." *Id*. ¶ 9. It thus appears that once a court order issues, Ms. Ingalls's role will be to forward the appropriate documents to the Central Authority in Germany with a request for service on the respondent. *See id*.; *see also* Dkt. No. 10 at 1.

Based on the foregoing, the Court grants Twitch's motion and appoints Celeste Ingalls, Director of Operations of Crowe Foreign Services, located at 733 SW Vista Avenue, Portland, Oregon 97205, as a competent officer of the Court for the purpose of requesting service of process upon respondent Fishwoodco GmbH (doing business as Loots) in accordance with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 6638.

**IT IS SO ORDERED.**

Dated: June 28, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge