UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TWITCH INTERACTIVE, INC., <br> Petitioner, <br> v. <br> FISHWOODCO GMBH dba LOOTS, <br> Respondent. | Case No. 22-cv-03218-VKD <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SERVICE BY ALTERNATE MEANS** <br> Re: Dkt. No. 16 |

Following an unsuccessful attempt at service of process through the Hague Convention, petitioner Twitch Interactive, Inc. ("Twitch") now moves for leave to serve respondent Fishwoodco GmbH, doing business as Loots ("Loots"), by alternate means. The Court finds the matter suitable for determination without oral argument. Civil L.R. 7-1(b). For the reasons discussed below, the Court grants the motion in part and denies it in part.

Twitch says that it is a Delaware corporation, with its principal place of business in San Francisco, California that provides content streaming services. *See* Dkt. No. 1 ¶¶ 1, 7. Loots is alleged to be "a German-based corporation or other legal entity organized under the laws of Germany, with its principal place of business in Germany." *Id*. ¶ 2. Claiming that Loots has infringed its intellectual property, Twitch initiated arbitration proceedings against Loots. *See id*. ¶ 3. That matter was adjudicated according to JAMS International Rules, and Twitch obtained three final awards dated January 4, 2021, May 7, 2021, and February 25, 2022. Twitch filed the present action in June 2022, seeking confirmation of those awards and the entry of final judgment. *See id*. at 1.

The Court previously granted Twitch's motion to appoint an international process server,

Celeste Crowe of Crowe Foreign Services, to forward to the Central Authority in Germany all documents to be served on Loots in accordance with the Hague Convention. Dkt. No. 12. The Court subsequently extended the deadline for service to November 3, 2022. Dkt. No. 14. Twitch says that it hired a translation service to translate the relevant documents and also engaged German counsel to help with efforts to attempt service on Loots at its last-known physical address in accordance with the Hague Convention. Dkt. No. 16-1 ¶ 4. Ms. Crowe states that she sent the documents to the German Central Authority for service on Loots at a physical address in Ahorn, Germany that Twitch located online. Dkt. No. 16-1 ¶ 3; Dkt. No. 16-12 ¶¶ 4-6 & Ex. A. Ms. Crowe attests that on September 29, 2022, she received a certificate of non-service from the Munich Central Authority stating that a September 5, 2022 service attempt was unsuccessful because Loots could not be found at the Ahorn address. Dkt. No. 16-12 ¶ 8 & Exs. B, C; *see also* Dkt. No. 16-1 ¶ 6.

According to Twitch, the most recent public notification from Loots's ongoing insolvency proceedings in Germany lists an address for Loots in Berlin. Dkt. No. 16-1 ¶ 14 & Ex. 5. However, Twitch's counsel says that a package concerning the arbitration award, previously sent to that address, was returned to her office by Federal Express as undeliverable. *Id.* ¶ 14. Accordingly, Twitch believes that the Berlin address is no longer active. *Id.* Twitch's counsel avers that she has not been able to find any other physical addresses for Loots that is reasonably likely to provide for service under the Hague Convention. Dkt. No. 16-1 ¶ 17.

Twitch now moves for an order permitting service on Loots via (1) the last known email addresses for Loots's CEO and founder, Marc Fuehnen, (2) the email addresses found on Loot's still-active website, (3) Mr. Fuehnen's publicly accessible social media accounts on LinkedIn and Twitter, and (4) the email address for Sebastian Laboga, the insolvency administrator in Loot's German insolvency proceedings.

"Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (footnote omitted). Rule 4(f), in turn, authorizes service "by any internationally agreed means of service," including through the Hague

1  Convention, as well as "by other means not prohibited by international agreement, as the court
2  orders." Fed. R. Civ. P. 4(f)(1), (3).  Rule 4(f) does not "create a hierarchy of preferred methods
3  of service of process," and "service of process under Rule 4(f)(3) is neither a last resort nor
4  extraordinary relief." *Rio Properties, Inc.*, 284 F.3d at 1014-15 (internal quotations and citation
5  omitted).  Rather, Rule 4(f)(3) "is merely one means among several which enables service of
6  process on an international defendant." *Id*. at 1015.  All that Rule 4(f)(3) requires is service that is
7  (1) directed by the court and (2) not prohibited by international agreement. *Id*. at 1014.  As long
8  as it is "court-directed and not prohibited by an international agreement, service of process ordered
9  under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Id*.
10  at 1014.  Additionally, the alternate means of service must comport with due process, and thus
11  "must be reasonably calculated, under all the circumstances, to apprise interested parties of the
12  pendency of the action and afford them an opportunity to present their objections." *Id*. at 1016
13  (internal quotations and citation omitted).  The determination whether the circumstances in a
14  particular case require alternate service of process under Rule 4(f)(3) is a matter within the Court's
15  discretion. *Id*.; *see also Nanya Tech. Corp. v. Fujitsu Ltd.*, No. CIV 06-00025, 2007 WL 269087,
16  at *2 (concluding that a request for alternate service is "clearly of a pretrial nature" and not "a
17  dispositive matter needing a judicial referral and a Report and Recommendation.").

18  The Court concludes that the circumstances presented here warrant service by alternate
19  means.  Twitch's request for leave to effect service by email to marc@loots.com,
20  marc.fuehnen@gmail.com, support@new.loots.com, and sales@new.loots.com is granted.
21  Germany is a party to the Hague Convention and has objected to Article 10 of the Convention,
22  which would otherwise allow service through "postal channels" and "directly through the judicial
23  officers, official or other competent persons of the State of destination." *See* Hague Service
24  Convention, art. 10, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 6638.  This Court agrees with the
25  majority of courts within this district that conclude that alternate service via email does not violate
26  the Hague Convention, even where the county in question has objected to Article 10.  *See WeWork*
27  *Cos., Inc. v. WePlus (Shanghai) Tech. Co., Ltd.*, No. 5:18-cv-04543-EJD, 2019 WL 8810350, at
28  *2 (N.D. Cal. Jan. 10, 2019) (citing cases); *see also Bazarian Int'l Fin. Assocs., LLC v.*

3

1  *Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 17 (D.D.C. 2016) (stating that "a country's
2  objection to Article 10 does not constitute an express rejection of service by email."). *Cf. Agha v.*
3  *Jacobs*, No. C07-1800 RS, 2008 WL 2051061, at *2 (N.D. Cal. May 13, 2008) (finding
4  unpersuasive plaintiff's "attempt to distinguish email and facsimile from the 'postal channels'
5  referred to in the text of Article 10," but observing that "[t]here might be some circumstances
6  under which such a distinction could be drawn[.]").

Twitch has also demonstrated that alternate service via these email addresses are
reasonably calculated to apprise Loots of the pendency of this action and to give Loots an
opportunity to present its objections. Twitch's counsel states that as of November 1, 2022, the two
Loots email addresses (support@new.loots.com and sales@new.loots.com) are identified as
contact information on Loots's still active website. Dkt. No. 16-1 ¶ 18. Additionally, Twitch's
counsel has used the two email addresses for Mr. Fuehnen (marc@loots.com and
marc.fuehnen@gmail.com) to communicate with him during and after the arbitration proceedings.
Counsel states that neither she nor anyone else at her firm has received bounced email
notifications in prior communications using those two email addresses for Mr. Fuehnen. *Id.* ¶ 8.
Most recently, counsel emailed Mr. Fuehnen on March 1, 2022 at several addresses, including the
two email addresses for Mr. Fuehnen and a Loots email address (support@new.loots.com).
Twitch's counsel received a delivery notification that the email to support@new.loots.com was
"refused," but the message did not indicate that the email address did not exist or could not be
delivered. *Id.* ¶ 9.[1] Twitch has also submitted evidence that on March 4, 2022, Mr. Fuehnen
responded to counsel's March 1, 2022 email. *Id.* ¶ 10 & Ex. 1. While Mr. Fuehnen claimed in
that email that he has not represented Loots since its insolvency in 2019 and that Loots "has no
legal successors," Twitch points out that Mr. Fuehnen's LinkedIn profile continues to identify him
as the co-founder and CEO of Loots. *Id.* ¶¶ 19, 24 & Ex. 9.

Twitch also requests for leave to effect service via Mr. Fuehnen's LinkedIn and Twitter

---

[1] By contrast, counsel received an email delivery failure notification that the email address Matthias.zumwinkel@fishwood.co does not exist. Dkt. No. 16-1 ¶ 9. Twitch does not request leave to effect service via this email address.

4

accounts. Courts within this district have allowed service by social media, including LinkedIn and Twitter, "where there was evidence that the parties being served regularly used those means to communicate." *GSV Futures LLC v. Casmain, LP*, No. 22-cv-05449-LB, 2022 WL 16856361, at *3 (N.D. Cal. Nov. 10, 2022) (citing cases); *see also Fabian v. LeMahieu*, No. 4:19-cv-00054-YGR, 2020 WL 3402800, at *3 (N.D. Cal. June 19, 2020) (observing that "with regards to service via electronic mail and social media, courts have found such service not prohibited by international agreement and have approved of such service in the court's discretion."); *see also In re S. African Apartheid Litig.*, 643 F. Supp. 2d 423, 434 (S.D.N.Y. 2009) ("Although Germany has objected to specific forms of service otherwise enumerated in the Hague Convention, it has not expressly barred alternative forms of effective service not referenced in the Hague Convention."). But while Twitch's counsel states that as of November 1, 2022 she is still able to publicly access the subject LinkedIn and Twitter accounts and has no reason to believe that the accounts are inactive or do not belong to Mr. Fuehnen, it is difficult to tell from Twitch's exhibits when activity last occurred on these accounts. At least some of the information presented suggests that activity on these accounts is several years old. *Id.* ¶ 19 & Exs. 9, 10. Accordingly, Twitch has not shown that the subject LinkedIn and Twitter accounts are regularly used by Mr. Fuehnen (or Loots) as a means of communication. *See, e.g., St. Francis Assisi v. Kuwait Fin. House*, No. 3:16-cv-03240-LB, 2016 WL 5725002, at * (N.D. Cal. Sept. 30, 2016) (granting motion for alternate service via a Twitter account that a defendant continued to use for communication with his audience); *WhosHere, Inc. v. Orun*, No. 1:13–cv–00526–AJT–TRJ, 2014 WL 670817, at *4 n.8 (E.D. Cal. Feb. 20, 2014) (permitting service via Facebook and LinkedIn where there was evidence that defendant last accessed or updated his accounts in the past month).

The Court is not persuaded that service of process via Mr. Fuehnen's social media accounts alone comports with due process. However, as Twitch proposes to use this form of service in combination with service via email to Loots and Mr. Fuehnen, the Court finds that additional service via social media is likely to enhance Twitch's efforts to "apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." For this reason, the Court grants Twitch's request for leave to serve process via Mr. Fuehnen's

LinkedIn and Twitter accounts, in combination with service by email.

Twitch also requests leave to serve Loots by email to Sebastian Laboga, who is identified as an attorney and the insolvency administrator who is overseeing Loots's ongoing German insolvency proceedings. *Id*. ¶¶ 15-16, Exs. 6, 7. Article 10 of the Hague Convention permits service "directly through the judicial officers, official or other competent persons of the State of destination." *See* Hague Service Convention, art. 10, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 6638. As noted above, Germany has objected to Article 10. It is unclear from Twitch's submission whether Mr. Laboga may be considered a "judicial officer[], official or other competent person[] of" the German state, and to what extent (if at all) service through Mr. Laboga might contravene Germany's objection to Article 10. Accordingly, Twitch's request to effect service through Mr. Laboga is denied without prejudice.

Based on the foregoing, Twitch's request for alternate service by email to Mr. Laboga is denied without prejudice. Twitch's motion for permission to serve Loots by alternate means is otherwise granted. Twitch may serve Loots by email to:

- Marc Fuehnen: marc@loots.com and marc.fuehnen@gmail.com;
- Loots: support@new.loots.com and sales@new.loots.com.

Twitch may also serve Loots via LinkedIn and Twitter at the following accounts:

- LinkedIn account found at: https://www.linkedin.com/in/marcfuehnen/
- Twitter account found at: https://mobile.twitter.com/pennyrayne

Following service, Twitch shall promptly file proof of service via alternate means with the Court.

**IT IS SO ORDERED.**

Dated: November 15, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge