UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TWITCH INTERACTIVE, INC.,<br>      Plaintiff,<br>   v.<br>FISHWOODCO GMBH dba LOOTS,<br>      Defendant. | Case No.  22-cv-03218-VKD<br><br>**ORDER GRANTING PETITIONER'S MOTION TO UNSEAL ARBITRATION MATERIALS**<br>Re: Dkt. No. 21 |

Petitioner Twitch Interactive, Inc. ("Twitch") initiated this action by filing a petition to confirm arbitration awards and for the entry of judgment against respondent FishwoodCo GmbH, doing business as Loots ("Loots"). Dkt. No. 1. Twitch previously sought to seal certain materials submitted in support of its petition. Dkt. No. 3. Although Twitch believed that the materials should be publicly filed, it sought to provisionally seal the materials in view of the parties' arbitration agreement and JAMS confidentiality rules, and because Twitch was unable to obtain Loots's consent to file unsealed versions of the documents. *See id*. In ruling on that motion, the Court noted that it was not persuaded that all of the information in question met the "compelling reasons" standard for sealing. Dkt. No. 15. Nevertheless, the Court provisionally granted Twitch's motion to seal, pending service and appearance by Loots and an opportunity for Loots to make a proper showing that the materials, or some portion of them, should remain under seal. *Id*. In the event Loots defaulted, the Court noted that it may revisit its sealing order. *Id*.

Twitch subsequently obtained leave to serve Loots by alternate means. Dkt. No. 17. Twitch contends that it has effected service of process on Loots. *See* Dkt. No. 18. At Twitch's request, the Clerk of Court entered Loots's default on January 18, 2023. Dkt. No. 20.

1  Twitch now requests that all provisionally sealed materials submitted in support of its
2  petition be unsealed, and that it be permitted to file all such information in the public docket in
3  support of an anticipated motion for default judgment. Dkt. No. 21.
4  There is a strong presumption in favor of access by the public to judicial records and
5  documents accompanying dispositive motions that can be overcome only by a showing of
6  "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of*
7  *Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citation omitted).
8  Parties seeking to seal judicial records relating to motions that are "more than tangentially related
9  to the underlying cause of action" bear the burden of overcoming the presumption with
10 "compelling reasons" that outweigh the general history of access and the public policies favoring
11 disclosure. *Ctr. for Auto Safety v. Chrysler Grp*., LLC, 809 F.3d 1092, 1099 (9th Cir. 2016), *cert.
12 denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016); *see Kamakana*, 447
13 F.3d at 1178-79.
14 Generally, "'compelling reasons' sufficient to outweigh the public's interest in disclosure
15 and justify sealing court records exist when such 'court files might have become a vehicle for
16 improper purposes,'" including "the use of records to gratify private spite, promote public scandal,
17 circulate libelous statements, or release trade secrets," *Kamakana*, 447 F.3d at 1179 (quoting
18 *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978)), or the use of records "as sources of
19 business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809
20 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598-99); *see also Ovonic Battery Co., Inc. v. Sanyo Elec.
21 Co., Ltd.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *2 (N.D. Cal. June 17, 2014) (noting that
22 sealing has been allowed regarding "pricing terms, royalty rates, and guaranteed minimum
23 payment terms found in a licensing agreement," as well as "detailed product-specific financial
24 information and customer information[.]"). However, "[t]he mere fact that the production of
25 records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will
26 not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.
27 In the present case, Loots's default has been entered, and there has been no response from
28 Loots regarding whether the materials, or some portion of them, should remain under seal. The

1  underlying arbitration apparently was conducted confidentially pursuant to Twitch's Terms of
2  Service and JAMS International Arbitration Rules 16.1 and 16.2.  *See* Dkt. No. 1-2, Ex A ¶ 8 (Dkt.
3  No. 1-3) & Ex. B ¶ 15.d.(i) (Twitch Terms of Service stating that "arbitration will be conducted
4  confidentially by a single arbitrator in accordance with the rules of JAMS[.]"); Dkt. No. 3-1 ¶ 4
5  ("JAMS' International Arbitration Rule 16.1 states: Unless otherwise required by law, or unless
6  the parties expressly agree otherwise, the Tribunal, the parties, the Administrator and JAMS will
7  maintain the confidentiality of the arbitration."); Dkt. No. 3-1 ¶ 5 ("JAMS' International
8  Arbitration Rule 16.2 states: Unless otherwise required by law, an award will remain confidential,
9  unless all of the parties consent to its publication.").  However, the fact that the parties agreed to
10 the confidentiality of the underlying arbitration proceedings does not, standing alone, provide a
11 compelling reason to keep them under seal.  *See Ovonic Battery Co., Inc.*, 2014 WL 2758756 at *3
12 (declining to seal records based on parties' agreement that arbitration awards were to remain
13 confidential).

14     Moreover, the Court has reviewed the matters that have been provisionally sealed and
15 concludes that there are no compelling reasons to maintain those materials under seal.  The
16 majority of the content in question simply describes the nature of Twitch's allegations and claims,
17 recites the procedural history of the underlying arbitration proceedings, provides legal argument,
18 and contains some high-level summaries of the relief awarded in the arbitration.  While portions of
19 the materials sought to be unsealed include discussion of Loots's business and revenues, Twitch
20 appears to rely on public sources for this information, none of which is more recent than 2017—
21 five years ago.  There is nothing in the record presently before the Court indicating that any
22 information Twitch seeks to unseal constitutes trade secrets or other business information that
23 might harm Loots's competitive standing.

24     Accordingly, the Court grants Twitch's motion to unseal as set forth in the table below.
25 However, the Court cautions that this order does not necessarily extend to documents referenced
26 within the listed pleadings and exhibits, which are not currently before the Court.

| Document | Portions to be Unsealed |
|---|---|
| Dkt. No. 3-2:  Notice of Petition to Confirm and Petition to Confirm and Enforce; Memorandum of Points and Authorities | Redacted provisions that reproduce or rely on arbitration proceedings and/or final awards |
| Dkt. No. 3-3:  Palacios Declaration in Support of Petition to Confirm and Enforce | Redacted provisions that reproduce or rely on arbitration proceedings and/or final awards |
| Dkt. No. 3-4:  Palacios Declaration, Ex. A | Final arbitration award in its entirety |
| Dkt. No. 3-5:  Palacios Declaration, Ex. B | Final arbitration award in its entirety |
| Dkt. No. 3-6:  Palacios Declaration, Ex. C | Final arbitration award in its entirety |
| Dkt. No. 3-7:  Palacios Declaration, Ex. D | Certified versions of arbitration awards in their entirety |

**IT IS SO ORDERED.**

Dated: February 15, 2023



VIRGINIA K. DEMARCHI  
United States Magistrate Judge