UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TWITCH INTERACTIVE, INC.,<br><br>Petitioner,<br><br>v.<br><br>FISHWOODCO GMBH,<br><br>Respondent. | Case No.  5:22-cv-03218-EJD<br><br>**ORDER ON MOTIONS TO INTERVENE AND FOR DEFAULT JUDGMENT**<br><br>Re: ECF Nos. 36, 39 |

Petitioner Twitch Interactive, Inc. ("Twitch" or "Petitioner") brings this action to confirm the final arbitration awards issued in the matter of *Twitch Interactive, Inc. v. Fishwoodco GmbH d/b/a Loots*, JAMS Ref. No. 1110024636. ECF No. 1. Although Respondent Fishwoodco GmbH has not made an appearance, three third parties—Loots Media GmbH, Fuehnen Holding GmbH, and Marc Fuehnen (collectively, "Proposed Intervenors")—have moved to intervene in this action because the arbitral award would purport to bind them as well. ECF No. 39 ("Mot.").

Based on the foregoing, the Court GRANTS Proposed Intervenors' motion to intervene, DENIES the Proposed Intervenors' request for leave to file as *amici curiae*, and DENIES WITHOUT PREJUDICE Petitioner's motion for default judgment.

**I.   BACKGROUND**

Judge DeMarchi had previously provided a detailed and thorough summary of the relevant facts in the Report and Recommendation and, therefore, the Court only summarizes the relevant facts here. *See* Report and Recommendation re Mot. Default J. ("R&R"), at 2–8, ECF No. 36.

**A.   Parties**

Twitch is a San Francisco company that provides streaming services for content creators.

Case No.: 5:22-cv-03218-EJD
ORDER ON INTERVENTION AND DEFAULT JUDGMENT

1

Petition to Confirm Arbitration Awards ("Pet.") ¶¶ 7–8.  Twitch also owns rights in the TWITCH trademark and the "Glitch Logo."  *Id.* ¶10.

Respondent Fischwoodco GmbH is alleged to have operated an advertisement platform called Loots that enabled streamers to display advertisements on their streams, with the revenue being shared between the streamers and Respondent, *i.e.*, without any revenue going to Twitch. Pet. ¶¶ 11–12.  Respondent also allegedly used Twitch marks in its materials that suggest the platform supports Twitch.  *Id.* ¶ 12.  In May 2016, Respondent signed up for a Twitch user account and, therefore, agreed to Twitch's terms of service ("TOS"), trademark guidelines, and other policies incorporated into the TOS.  *Id.* ¶ 13.  In September 2018, Respondent also purportedly entered into a Developer Services Agreement for a developer account with Twitch. *Id.* ¶ 13.  Around October 2019, Respondent filed for bankruptcy in Germany.  Decl. Marc Fuehnen ("Fuehnen Decl.") ¶ 11, ECF No. 39-3.

Proposed Intervenor Marc Fuehnen was the former *Geschäftsführer* (equivalent to a Chief Executive Officer) of Respondent until he was released from his duties by the bankruptcy administrator, Sebastian Laboga.  Fuehnen Decl. ¶¶ 2, 12.

Proposed Intervenor Loots Media GmbH ("Loots Media") is a German company that Mr. Fuehnen co-founded in January 2020 with four other shareholders.  *Id.* ¶ 19.  Although Loots Media operates on a similar business model to Respondent's, Loots Media does not permit Twitch users to run branded content using Loots Media's platform.  *Id.* ¶ 21.  Petitioner alleges that Loots Media is a successor "holding company" to Respondent.  Pet. ¶¶ 12–13.

Proposed Intervenor Fuehnen Holding GmbH is a German asset management company whose sole shareholder is Mr. Fuehnen.  Fuehnen Decl. ¶ 4.  Petitioner alleges that Loots Media is wholly owned by Fuehnen Holding.  Pet. ¶ 13.

**B.     JAMS Arbitration**

In March 2017, Twitch sent cease-and-desist communications to Respondent, alleging violations of Twitch's TOS and infringement of Twitch's intellectual property.  Pet. ¶ 16.  On August 20, 2019, Twitch initiated JAMS arbitration proceedings in Santa Clara County, California

Case No.: 5:22-cv-03218-EJD
ORDER ON INTERVENTION AND DEFAULT JUDGMENT
2

per the arbitration clause in Twitch's TOS. *Id.* ¶ 4; Gimbel Decl., Ex. A ("TOS"), ECF No. 1-3. Twitch asserted claims for Lanham Act violations, breach of various contracts, and tortious interference with contractual relationships. ECF No. 3-7.

Respondent initially participated in the arbitration via Marc Fuehnen, who engaged in settlement negotiations with Petitioner's counsel. Fuehnen Decl. ¶¶ 10–11. Around October 2019, Respondent filed for bankruptcy in Germany. *Id.* ¶ 11. Nonetheless, the settlement negotiations continued and progressed to a point where the parties were to sign the settlement agreement in December 2019. *Id.* ¶ 14. However, Mr. Fuehnen was purportedly discharged from his duties as Respondent's *Geschäftsführer* before the settlement agreement could be signed. *Id.* ¶¶ 14–15. Mr. Fuehnen asserts that, after he was discharged, he could no longer represent the Respondent in any official capacity. *Id.* ¶ 15.

After Mr. Fuehnen and Respondent purportedly "fell silent," Petitioner moved for default judgment in the JAMS arbitration in September 2020. Pet. ¶ 19. On January 4, 2021, the tribunal granted default judgment, awarded $1,488,000 in damages, and issued an injunction against Respondent and its "officers, agents, representatives, employees, and successors and assigns." Pet. ¶ 28.

In October 2021, Petitioner requested that the JAMS tribunal issue an amended order that also included Proposed Intervenors because Respondent was purportedly continuing its "operation of the exact same scheme but under a slightly altered name." Pet. ¶ 30. The tribunal granted the request and amended the injunction to also include "Loots Media GmbH, Fuehnen Holding GmbH, March Fuehnen, and the operators of its websites like loots.com and new.loots.com." *Id.* ¶ 31. Mr. Fuehnen was purportedly served with the amended award by email on March 1, 2022.

### C. Procedural History

After initial unsuccessful service attempts via the Hague Service Convention, Petitioner served Respondent via email to Mr. Fuehnen. ECF No. 18.

Respondent Fishwoodco GmbH did not appear in this action, resulting in an entry of default and Judge DeMarchi's issuance of a Report and Recommendation for Default Judgment.

Case No.: 5:22-cv-03218-EJD
ORDER ON INTERVENTION AND DEFAULT JUDGMENT
3

ECF Nos. 20, 36. Mr. Fuehnen, however, reached out to Petitioner's counsel, JAMS, and Judge DeMarchi's staff regarding the Petition on behalf of Proposed Intervenors. *See* R&R 6–7.

The Proposed Intervenors filed a request for leave to file a brief as amici curiae and appeared at the May 30, 2023 hearing on Petitioner's motion for default judgment. ECF Nos. 23, 35. On May 31, 2023, Judge DeMarchi issued an Order for Reassignment to a District Judge with a Report and Recommendation to grant default judgment and deny the amicus filing. ECF No. 36.

On August 29, 2023, the Proposed Intervenors filed the present motion to intervene to file a motion to dismiss themselves for lack of personal jurisdiction. ECF No. 39.

## II. LEGAL STANDARD

A court must permit a nonparty to intervene in a pending lawsuit and gain party status if a federal statute confers an unconditional right to intervene. Fed. R. Civ. P. 24(a)(1). Where, as here, the nonparty does not claim a right to intervene by a federal statute, the party must show that:

> (1) it has a 'significant protectable interest' relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (citation and quotation marks omitted); *see also* Fed. R. Civ. P. 24(a)(2); *U.S. ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391 ("Generally, Rule 24(a)(2) is construed broadly in favor of proposed intervenors and 'we are guided primarily by practical considerations.'") (quoting *United States v. Stringfellow*, 783 F.2d 821, 826 (9th Cir. 1986)).

## III. DISCUSSION

To establish a right to intervene, Proposed Intervenors must show that (1) the motion is "timely"; (2) they have a "significantly protectable" interest relating to the subject of the action; (3) they are "so situated that the disposition of the action may as a practical matter impair or impede [the intervenors'] ability to protect that interest"; and (4) their interest is "inadequately represented by the parties to the action." *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016).

Case No.: 5:22-cv-03218-EJD
ORDER ON INTERVENTION AND DEFAULT JUDGMENT
4

**A.     Timeliness**

"Timeliness is determined by the totality of the circumstances facing would-be intervenors, with a focus on three primary factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" *Smith*, 830 F.3d at 854.  In evaluating timeliness, the "crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties." *Id.* (quoting *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999)). "[T]he timeliness requirement for intervention as of right should be treated more leniently than for permissive intervention because of the likelihood of more serious harm." *United States v. State of Or.*, 745 F.2d 550, 552 (9th Cir. 1984)

In this case, the "stage of the proceedings" factor weighs in favor of granting intervention. This factor examines "whether 'the district court has substantively—and substantially—engaged the issues in [the] case' [and] how much 'legal ground' the parties and court have covered when intervention is sought." *KOR Servs., LLC v. Thomson Int'l, Inc.*, 2023 WL 3431901, at *2 (C.D. Cal. Jan. 3, 2023).  This case is still in the very early stages—Respondent has not appeared, the only substantive motion filed is one for default judgment, and the Court has not held an initial case management conference.  Although Petitioner notes that Proposed Intervenors' motion is late by ten months, Opp. 10, no substantial "legal ground" was covered during those months.  *See Kalbers v. United States Dep't of Just.*, 22 F.4th 816, 826 (9th Cir. 2021).  Accordingly, the "stage of the proceedings" counsels in favor of intervention.

The relevant prejudice to Petitioner is also fairly minimal.  The only prejudice that is relevant for this factor is "that which flows from a prospective intervenor's failure to intervene after he knew, or reasonably should have known, that his interests were not being adequately represented." *Kalbers*, 22 F.4th at 825 ("[P]rejudice must be connected in some way to the timing of the intervention motion.") (internal citations omitted).  Petitioner cites "significant delays" as its primary prejudice.  Opp. 16.  However, the Ninth Circuit has expressly admonished district courts against finding prejudice based on "the fact that permitting intervention would raise 'additional

1   complicating issues' that would 'unduly delay this action.'" *Kalbers*, 22 F.4th at 825.  When the

2   Court's inquiry is properly narrowed to only the prejudice attributable to the timing of Proposed

3   Intervenor's motion to intervene, the prejudice to Petitioner is also fairly low, given that Petitioner

4   has not been called upon to defend the merits of its Petition.  This factor also weighs in favor of

5   finding the Proposed Intervenors' motion to be timely.

6         Finally, the Court considers the reason for and length of Proposed Intervenors' delay.

7   "[T]his rule is clear: 'Delay is measured from the date the proposed intervenor should have been

8   aware that its interests would no longer be protected adequately by the parties.'"  *Kalbers*, 22

9   F.4th at 823.  In this case, because the named respondent is an entity in bankruptcy proceedings,

10  Proposed Intervenors should have immediately known that their interests would not be adequately

11  protected when they learned that a federal action was filed to enforce an arbitral award against the

12  Proposed Intervenors and the only named respondent was the defunct entity.  Proposed

13  Intervenors concede that it "was not until October 2022 that Loots Media GmbH learned from a

14  contractual partner that the Petitioner was alleging the existence of an arbitral award against it."

15  Mot. 10–11.  Accordingly, the Court measures delay from October 2022 to the filing of the instant

16  motion in August 2023, which is a period of approximately eleven (11) months.  Additionally, the

17  Court notes that Proposed Intervenors made several attempts to protect their interests since

18  October 2022, including writing to JAMS in October and December 2022, contacting Petitioner's

19  counsel in December 2022, and requesting leave to file briefs as *amici* in March 2023.  *See* Mot.

20  11–12; ECF No. 23.  Although eleven months is not an insignificant period of time, Proposed

21  Intervenors appeared to have attempted various methods to protect their rights without conceding

22  their personal jurisdiction challenges.  On these facts, the Court finds that the reason for and

23  length of Proposed Intervenors' delay weighs slightly in favor of intervention.

24        In summary, the Court finds that the timeliness factors generally weigh in favor of

25  permitting intervention.  In conjunction with the Ninth Circuit's directive that courts should

26  review interventions of right with some leniency as to timeliness, the Court will accept Proposed

27  Intervenors' motion as timely filed.

Case No.: 5:22-cv-03218-EJD
ORDER ON INTERVENTION AND DEFAULT JUDGMENT
6

### B. Protectable Interest

The Court also finds that Proposed Intervenors Loots Media GmbH, Fuehnen Holding GmbH, and Marc Fuehnen have a "significantly protectable interest" in the present action. A proposed intervenor demonstrates a "significantly protectable interest" when "the injunctive relief sought by the plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001).

In the present case, the injunctive relief recommended by Judge DeMarchi would permanently and specifically enjoin Proposed Intervenors from using Petitioner's TWITCH Marks, using or accessing Twitch Services, and displaying advertisement via Twitch Services in violation of Petitioner's terms of service. ECF No. 36, at 16–17. Although Proposed Intervenors would not be able to state an interest in misfeasance that would violate applicable legal terms, the proposed injunction reaches farther than simply prohibiting misconduct—it enjoins Proposed Intervenors from even using or accessing Twitch Services, regardless of whether the use or access was by Proposed Intervenors themselves or by an intermediary. Given that Loots Media GmbH's business is "enabling content creators to show Branded Content . . . during live streaming events," Fuehnen Decl. ¶¶ 21–22, ECF No. 39-3, it would appear to the Court that Proposed Intervenors have a protectable interest in either their own access or their partnered content creators' access to Petitioner's live streaming services. In any event, Petitioner does not substantively dispute that Proposed Intervenors have some interest in this action nor does it argue that Proposed Intervenors and their partnered content creators have no right to access Twitch Services. *See* Opp. 14–15.

Accordingly, the Court finds that Proposed Intervenors have a legally protectable interest in the subject of this action, as they would also be bound by the requested injunctive relief.

### C. Impairment

For many of the same reasons, the Court also finds that Proposed Intervenors' ability to protect their interests would be impaired or impeded by the disposition of this action.

Rule 24(a)(2) permits intervention as of right where the proposed intervenors are "so

Case No.: 5:22-cv-03218-EJD
ORDER ON INTERVENTION AND DEFAULT JUDGMENT
7

situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(2).  The Ninth Circuit frequently finds that an impairment finding will usually dovetail with a finding of a "significantly protectable interest," often citing to the advisory committee notes to Rule 24.  *See, e.g.*, *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) ("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.") (quoting Fed. R. Civ. P. 24 advisory committee's note).

The arbitral award and Judge DeMarchi's recommended order both included permanent injunctive relief that would impact Proposed Intervenors'—and their knowing intermediaries'—ability to use or access Petitioner's services.  ECF No. 36, at 5–6, 16–17.  This would be sufficient to demonstrate that Proposed Intervenors' interests would be impaired.

### D. Inadequate Representation

Finally, the current Respondent, Fishwoodco GmbH, is plainly inadequate to represent Proposed Intervenors' protectable interest.  Respondent is a German company in bankruptcy proceedings and has defaulted in this action.  Fuehnen Decl. ¶¶ 2, 14.  This is sufficient to meet the "minimal" burden Proposed Intervenors must satisfy to demonstrate that representation of its interests "may be" inadequate.  *Citizens for Balanced Use*, 647 F.3d at 898.  Accordingly, the Court finds that Proposed Intervenors' interests will not be adequately represented by the current parties to this action.

\* \* \*

In sum, the Court finds that Proposed Intervenors' motion is timely, they have demonstrated a legally protectable interest, that their ability to protect that interest would be impaired if not permitted to intervene, and that the present Respondent would be an inadequate representative of their interests.  Accordingly, the Court will GRANT Proposed Intervenors' motion to intervene and file their attached motion to dismiss (ECF No. 39-1).[1]

---

[1] The Court will briefly note that, although Proposed Intervenors' motion to intervene does not necessarily subject them to the Court's personal jurisdiction, "the *quid pro quo* for [their]

Case No.: 5:22-cv-03218-EJD
ORDER ON INTERVENTION AND DEFAULT JUDGMENT
8

## IV. CONCLUSION

Based on the foregoing, Proposed Intervenors' motion to intervene is GRANTED. The Court will accept Proposed Intervenor's motion to dismiss (Mot., Ex. 1, ECF No. 39-1) as filed. Unless otherwise stipulated, Petitioner's opposition to the motion to dismiss SHALL be due within 14 days of this Order, and Proposed Intervenors' reply SHALL be due 7 days after Petitioner's opposition. Proposed Intervenor SHALL contact the Courtroom Deputy to reserve a hearing date as soon as possible.

Additionally, the Court DENIES the motion for leave to file briefing on behalf of amici curiae (ECF No. 23) for the reasons noted in Judge DeMarchi's Report and Recommendation (ECF No. 36). The Court also DENIES Petitioner's motion for default judgment WITHOUT PREJUDICE to refiling with a more narrowly tailored judgment as to Respondent Fishwoodco GmbH only.

**IT IS SO ORDERED.**

Dated: November 9, 2023

EDWARD J. DAVILA
United States District Judge

---

intervention is that [they] consent[] to have the [Court] determine all issues in the case, including issues of jurisdiction, venue, and service of process." *S.E.C. v. Ross*, 504 F.3d 1130, 1150 (9th Cir. 2007).

Case No.: 5:22-cv-03218-EJD
ORDER ON INTERVENTION AND DEFAULT JUDGMENT
9