UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TWITCH INTERACTIVE, INC., <br><br>Plaintiff,<br><br>v.<br><br>FISHWOODCO GMBH,<br><br>Defendant. | Case No. 22-cv-03218-EJD<br><br>**ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE; GRANTING REQUEST FOR JURISDICTIONAL DISCOVERY**<br><br>Re: ECF No. 46 |

Before the Court is Intervenors Loots Media GmbH, Fuehnen Holding GmbH, and Marc Fuehnen's (collectively, "Intervenors") Motion to Dismiss ("Mot." or "Motion"). ECF No. 46. For the reasons set forth below, the Court DENIES Intervenors' Motion without prejudice to renew the Motion following the completion of limited jurisdictional discovery.

## I.  BACKGROUND

Both Judge DeMarchi and this Court have previously provided detailed summaries of the relevant facts, and the Court will summarize the facts relevant to Intervenors' Motion here. *See* ECF No. 36, Report and Recommendation re Mot. Default J. ("R&R"), at 2–8; *see also* ECF No. 45, Order on Intervention and Default Judgment.

### A.  Parties

Twitch Interactive, Inc. ("Petitioner" or "Twitch") is a San Francisco company that provides streaming services for content creators. Petition to Confirm Arbitration Awards ("Pet." or "Petition") ¶¶ 7–8, ECF No. 1. Twitch also owns rights in the TWITCH trademark and the "Glitch Logo." *Id.* ¶ 10. Respondent Fishwoodco GmbH is alleged to have operated an

Case No.: 22-cv-03218-EJD
ORDER DENYING MOTION TO DISMISS

1

advertisement platform called Loots that enabled streamers to display advertisements on their streams, with the revenue being shared between the streamers and Respondent, i.e., without any revenue going to Twitch. Pet. ¶¶ 11–12. Respondent also allegedly used Twitch marks in its materials that suggest the platform supports Twitch. *Id.* ¶ 12. In May 2016, Respondent signed up for a Twitch user account and, therefore, agreed to Twitch's terms of service ("TOS"), trademark guidelines, and other policies incorporated into the TOS. *Id.* ¶ 13. In September 2018, Respondent also purportedly entered into a Developer Services Agreement for a developer account with Twitch. *Id.* ¶ 13. Around October 2019, Respondent filed for bankruptcy in Germany. ECF No. 39-3, Decl. of Marc Fuehnen ("Fuehnen Decl.") ¶ 11.

Intervenor Marc Fuehnen was the former *Geschäftsführer* (equivalent to a Chief Executive Officer) of Respondent until he was released from his duties by the bankruptcy administrator, Sebastian Laboga. Fuehnen Decl. ¶¶ 2, 12.

Intervenor Loots Media GmbH ("Loots Media") is a German company that Mr. Fuehnen co-founded in January 2020 with four other shareholders. *Id.* ¶ 19. Although Loots Media operates on a similar business model to Respondent's, Loots Media does not permit Twitch users to run branded content using Loots Media's platform. *Id.* ¶ 21.

Intervenor Fuehnen Holding GmbH is a German asset management company whose sole shareholder is Mr. Fuehnen. Fuehnen Decl. ¶ 4.

**B.    JAMS Arbitration**

In March 2017, Twitch sent cease-and-desist communications to Respondent, alleging violations of Twitch's TOS and infringement of Twitch's intellectual property. Pet. ¶ 16. On August 20, 2019, Twitch initiated JAMS arbitration proceedings in Santa Clara County, California per the arbitration clause in Twitch's TOS. *Id.* ¶ 17. Twitch asserted claims for Lanham Act violations, breach of various contracts, and tortious interference with contractual relationships. ECF No. 3-7.

Respondent initially participated in the arbitration via Marc Fuehnen, who engaged in settlement negotiations with Twitch's counsel. Fuehnen Decl. ¶¶ 10–11. Around October 2019,

Case No.: 22-cv-03218-EJD
ORDER DENYING MOTION TO DISMISS
2

Respondent filed for bankruptcy in Germany. *Id.* ¶ 11. Nonetheless, the settlement negotiations continued and progressed to a point where the parties were to sign the settlement agreement in December 2019. *Id.* ¶ 14. However, Mr. Fuehnen was purportedly discharged from his duties as Respondent's *Geschäftsführer* before the settlement agreement could be signed. *Id.* ¶¶ 14–15. Mr. Fuehnen asserts that, after he was discharged, he could no longer represent the Respondent in any official capacity. *Id.* ¶ 15. Instead, the "only individual with the authority to represent the Respondent" following Mr. Fuehnen's discharge "would have been Mr. Laboga." Mot. 5.

After Mr. Fuehnen and Respondent purportedly "fell silent," Twitch moved for default judgment in the JAMS arbitration in September 2020. Pet. ¶ 21. On January 4, 2021, the tribunal granted default judgment, awarded $1,488,000 in damages, and issued an injunction against Respondent and its "officers, agents, representatives, employees, and successors and assigns." Pet. ¶ 28.

In October 2021, Twitch requested that the JAMS tribunal issue an amended order that also included Intervenors because Respondent was purportedly continuing its "operation of the exact same scheme but under a slightly altered name." Pet. ¶ 30. The tribunal granted the request and amended the injunction to also include "Loots Media GmbH, Fuehnen Holding GmbH, Marc Fuehnen, and the operators of its websites like loots.com and new.loots.com." *Id.* ¶ 31. Mr. Fuehnen was purportedly served with the amended award by email on March 1, 2022. Opp. 15.

C.   **Procedural History**

After initial unsuccessful service attempts via the Hague Service Convention, Twitch served Respondent via email to Mr. Fuehnen. ECF No. 18. Respondent Fishwoodco GmbH did not appear in this action, resulting in an entry of default and Judge DeMarchi's issuance of a Report and Recommendation for Default Judgment. *See* Entry of Default, ECF No. 20; R&R. Mr. Fuehnen, however, reached out to Twitch's counsel, JAMS, and Judge DeMarchi's staff regarding the Petition on behalf of Proposed Intervenors. *See* R&R 6–7.

The Proposed Intervenors filed a request for leave to file a brief as amici curiae and

Case No.: 22-cv-03218-EJD
ORDER DENYING MOTION TO DISMISS
3

1  appeared at the May 30, 2023, hearing on Twitch's motion for default judgment.  ECF Nos. 23,
2  35.  On May 31, 2023, Judge DeMarchi issued an Order for Reassignment to a District Judge with
3  a Report and Recommendation to grant default judgment and deny the amicus filing.  ECF No. 36.
4  On August 29, 2023, the Intervenors filed a motion to intervene to file a motion to dismiss
5  themselves for lack of personal jurisdiction.  ECF No. 39.  The Court granted the motion to
6  intervene and accepted the Intervenors' instant motion to dismiss.  ECF No. 45.

On December 7, 2023, Twitch filed an opposition to the motion to dismiss, and on December 21, 2023, Intervenors replied.  ECF No. 49, Twitch's Opposition to Motion to Dismiss ("Opp."); ECF No. 50, Intervenors' Reply in Support of Motion to Dismiss ("Reply").  The Court heard oral argument on the Motion on February 22, 2024.

## II.     LEGAL STANDARD

The parties dispute the relevant legal standard.  Intervenors argue that the FAA provides the exclusive grounds for vacating an award issued in the United States.  Mot. 7.  Twitch argues that the New York Convention governs confirmation of foreign arbitration awards like this one.  Opp. 6.  The Ninth Circuit has held that "neither the Convention nor its implementing legislation removed the district courts' obligation to find jurisdiction over the defendant in suits to confirm arbitration awards."  *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1121 (9th Cir. 2002) ("Interpreting the FAA to dispense with the jurisdictional requirements of Due Process in actions to confirm arbitral awards would raise clear questions concerning the constitutionality of the statutes").

On a motion to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction.  *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).  Where the motion to dismiss is based on written materials, rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to satisfy their burden.  *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).  While the plaintiff cannot "simply rest on the bare allegations of its complaint," uncontroverted allegations in the complaint must be taken as true.  *Amba Mktg. Sys., Inc. v. Jobar*

Case No.: 22-cv-03218-EJD
ORDER DENYING MOTION TO DISMISS
4

*Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977); *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Id.* If a plaintiff's proof is "limited to written materials," the materials must only contain facts that "support a finding of jurisdiction." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

The exercise of personal jurisdiction over a nonresident defendant must be authorized under the state's long-arm statute and must satisfy the due process clause of the United States Constitution. *Perez v. United States*, 103 F. Supp. 3d 1180, 1197 (S.D. Cal. 2015). California's long-arm statute permits the exercise of personal jurisdiction "on any basis not inconsistent with the Constitution of this state or the United States." Cal. Code Civ. Proc. § 410.10. Under the due process analysis, a defendant may be subject to either general or specific personal jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

## III. DISCUSSION

Intervenors move to dismiss Twitch's efforts to enforce the arbitration award on the grounds that this Court lacks personal jurisdiction over Intervenors. Mot. 1. On reply, Intervenors contend that the award against Intervenors should be vacated under 9 U.S.C. § 10(a)(4), which permits vacatur "[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Reply 7.

Twitch contends that Intervenors' Motion should be denied because (1) the Court has authority under Rule 65 to confirm the awards as to the Intervenors regardless of any jurisdictional issue, and (2) irrespective of this Court's authority under Rule 65, it has specific personal jurisdiction over Intervenors. Opp. 1. In the alternative, Twitch requests an opportunity to conduct limited discovery on the issue of personal jurisdiction. *Id.* at 2.

### A. Federal Rule of Civil Procedure 65(d)

Twitch contends that this Court has authority to confirm the arbitration awards as to Intervenors regardless of any jurisdictional issues pursuant to Rule 65(d)(2) because the Arbitrator

Case No.: 22-cv-03218-EJD
ORDER DENYING MOTION TO DISMISS
5

"determined that the Loots Intervenors were in active concert or participation with Loots, the original defendant." Opp. 7. Rule 65 provides that "persons bound" by an injunction may include not only "parties," but their "officers, agents, servants, employees, and attorneys," as well as "other persons who are in active concert or participation" with them, so long as that person receives "actual notice of [the injunction] by personal service or otherwise." Fed. R. Civ. P. 65(d)(2).

### 1. Whether Rule 65 Applies to Arbitration-Issued Injunctions

Intervenors argue that Rule 65 applies to *court*-issued injunctions rather than *arbitrator*-issued injunctions, and therefore does not apply to the instant action. Reply 10. The parties have not presented cases applying Rule 65(d)(2) in an arbitration context. Although not discussed directly, in *Int'l Petroleum Prod. & Additives Co., Inc. v. Black Gold, S.A.R.L.*, 418 F. Supp. 3d 481, 484 (N.D. Cal. 2019), the court confirmed an arbitration award and found that the arbitrator did not exceed his powers where the awarded injunction was "limited to a set of persons and entities who might act on behalf of [petitioner], namely, 'any and all persons acting in concert with [petitioner] or in participation with it or in support of it or in combination with it or in collusion with it or in conspiracy with it, whether as aiders, abettors, co-conspirators, agents, servants, employees or otherwise....'" *Id.* at 492, n. 12 (citing award). In so finding, the court cited Rule 65(d)(2), implicitly approving the application of the Rule to an arbitration award. *Id.*

### 2. Whether Intervenors Received Actual Notice

Assuming Rule 65 extends to arbitration-issued injunctions, the Rule also requires that Intervenors received "actual notice" of the injunction against them. Fed. R. Civ. P. 65(d)(2). Twitch argues that Mr. Fuehnen's (1) admission that he participated in the proceedings on behalf of Respondents for "multiple months before going silent," and (2) acknowledged receipt of the Final Award demonstrate Intervenors did receive actual notice of the injunction. Opp. 7.

In *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, plaintiff brought a motion for civil contempt against several non-parties. No. 16-cv-06370-EJD, 2020 WL 3617907, at *5 (N.D. Cal. July 2, 2020). This Court found that one foreign defendant received actual notice to satisfy

Case No.: 22-cv-03218-EJD
ORDER DENYING MOTION TO DISMISS
6

Rule 65(d) where the party received the motion "despite the fact that he was not served." *Id.* at *4, 5. This Court explained that "[t]he 'or otherwise' at the end of Rule 65(d) makes clear that personal service is not required to bind non-party officers of a corporation to a court order, as long as the non-party has 'actual notice' of the order." *Id.* at *5 (citing Fed R. Civ. P. 65(d)).

This is consistent with the findings of several other district courts, which concluded that an injunction (albeit, a *court*-issued injunction, not an *arbitration*-issued injunction) can apply to non-parties who have received notice of the order. *See, e.g.*, *AirWair Int'l Ltd. v. ITX USA LLC*, No. 19-CV-07641-SI, 2021 WL 5302922, at *7 (N.D. Cal. Nov. 15, 2021) (finding injunction would be enforceable against non-party who was previously dismissed based on a lack of personal jurisdiction "to the extent that they have notice and are legally identified with, or aiding and abetting, defendant"); *Al Otro Lado v. Wolf*, 497 F. Supp. 3d 914, 929 (S.D. Cal. 2020) (finding non-parties bound by injunction after finding non-party was "in active concert or participation" with defendants); *Netlist Inc v. Diablo Techs. Inc.*, No. 13-CV-05962-YGR, 2015 WL 163434, at *1 (N.D. Cal. Jan. 12, 2015) (clarifying that non-parties "not specifically named in the injunction" but otherwise "in active concert or participation with [defendant]" would be bound by injunction).

Here, the Arbitrator issued a permanent injunction against "Respondent and its officers, agents, representatives, employees, and successors and assigns, including but not limited to Loots Media GmbH, Fuehnen Holding GmbH, Marc Fuehnen, and the operators of its websites like loots.com and new.loots.com (or any other name or website incorporating Loots or that is confusingly similar to Loots." ECF No. 3-7, Amended Order Granting Default Judgment Against Respondent ("DJ Order") 8. Thereafter, Twitch served the Final Award on Mr. Fuehnen on March 1, 2022 (ECF No. 16-2) and served the Petition to Confirm on November 17, 2022 (ECF No. 18). This is sufficient to demonstrate "actual notice" of the Arbitrator's injunction. *BYD Co. Ltd v. Khazai*, No. 20-CV-5530-DMG-AGRX, 2020 WL 3893310, at *1 (C.D. Cal. July 10, 2020) (finding actual notice occurred where plaintiffs emailed the TRO, and non-party replied to plaintiffs' email).

Nevertheless, the Court is not inclined to find that Rule 65(d), a rule governing the Federal

Case No.: 22-cv-03218-EJD
ORDER DENYING MOTION TO DISMISS
7

1  Rules of Civil Procedure, extends to an arbitrator-issued injunction such that the Court can bypass
2  a jurisdictional analysis. Accordingly, the Court will proceed to evaluate whether Intervenors are
3  subject to this Court's personal jurisdiction.

### B. General and Specific Jurisdiction

Intervenors argue that this Court lacks both general and specific jurisdiction against them and on that basis, Intervenors "move to dismiss the arbitration award insofar as it relates to the injunctive relief applied against them." Mot. 11–12. Twitch disputes only this Court's exercise of specific personal jurisdiction over Intervenors. Opp. 10.

The Ninth Circuit and district courts in this Circuit evaluate personal jurisdiction in the context of a motion to confirm an arbitration award. In *Kirby Morgan Dive Systems*, the Ninth Circuit remanded an order confirming an arbitration award where the district court lacked jurisdiction "under the traditional minimum contacts framework" because the petitioner "presented no evidence that [respondent]" purposefully availed himself of the privilege of conducting activities in the forum" or "purposefully directed his activities toward the forum." *Kirby Morgan Dive Sys., Inc. v. Hydrospace, Ltd.*, 478 F. App'x 382, 383 (9th Cir. 2012) (finding "the district court's exercise of personal jurisdiction over [respondent] violated due process"); *see also Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1121 (9th Cir. 2002) ("Interpreting the FAA to dispense with the jurisdictional requirements of Due Process in actions to confirm arbitral awards would raise clear questions concerning the constitutionality of the statutes").

*Hellmich*, relying on *Kirby*, found personal jurisdiction over respondents where petitioner "met his burden of proving that the [respondents] have such a unity of interest that treating them as separate entities for personal jurisdiction purposes in this case would be unjust." *Hellmich v. Mastiff Contracting, LLC*, No. 14-CV-1354 DOCANX, 2015 WL 391989, at *8 (C.D. Cal. Jan. 27, 2015) ("To confirm an arbitral award, a petitioner must establish that a non-resident respondent has consented to personal jurisdiction in the forum or that the respondent otherwise has sufficient contacts with the forum such that exercising jurisdiction over him or her does not offend

Case No.: 22-cv-03218-EJD
ORDER DENYING MOTION TO DISMISS
8

traditional notions of fair play and substantial justice") (quotations omitted).

In another unpublished opinion, the Ninth Circuit in *Greenfield Advisors* affirmed the district court's confirmation of an arbitration award and entry of judgment against defendants after finding that the district court had personal jurisdiction over the defendants. *Greenfield Advisors LLC v. Salas*, 733 F. App'x 364, 366 (9th Cir. 2018). After evaluating the defendants' contacts with the forum state, the Ninth Circuit concluded that the defendants had "not met their burden of setting forth a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* at 367 (quotations omitted) (citing *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011)); *see also Goodwin Procter, LLP v. Gibson*, No. 12-CV-02167 NC, 2012 WL 12921028, at *6 (N.D. Cal. July 23, 2012) (dismissing petition for confirmation of an arbitration award where court lacked personal jurisdiction over defendants).

Consistent with the decisions above, the Court will evaluate whether personal jurisdiction over Intervenors exists such that confirming an arbitration award against Intervenors would not violate due process. When determining whether to exercise specific jurisdiction, courts apply a three-part test: (1) the nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998), *holding modified by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006). The plaintiff bears the burden of satisfying the first two of these three elements; if the plaintiff fails to establish either of them, specific personal jurisdiction over the nonresident defendant is improper. *Goodwin Procter*, 2012 WL 12921028, at *4 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). If the plaintiff satisfies the first two elements, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id.* (citations omitted).

Case No.: 22-cv-03218-EJD
ORDER DENYING MOTION TO DISMISS

9

### 1. Purposeful Availment in California

A purposeful availment analysis, as opposed to a purposeful direction analysis, is most often used in suits sounding in contract. *Schwarzenegger*, 374 F.3d at 802. A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there. *Id.* By taking such actions, a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* (citations omitted).

Intervenors argue that they have not purposefully availed themselves of conducting activities in California because they "never had and do not have any dealing with Petitioner." Mot. 12. Intervenors contend they "did not contemplate a relationship, enter into a contract, or agree to arbitration." *Id.* Even if Intervenors were bound by the arbitration agreement, Intervenors argue that this would nevertheless be insufficient to establish jurisdiction because "even an explicit agreement to arbitrate does not constitute consent to personal jurisdiction in the Northern District of California." Mot. 13 (citing *Foster v. Device Partners Infl LLC*, No. C 12-02279-DMR, 2012 WL 6115618, at *2 (N.D. Cal. Nov. 21, 2012)).

Twitch counters that it has "uncovered" evidence that demonstrates Intervenors have ties to California, including evidence that (1) Loots formed a domestic corporation—Fishwoodco Inc.—in 2018 (prior to the arbitration proceedings) with a business address in Torrance, California naming Mr. Fuehnen as the CEO; (2) Intervenors' website show ties to California, including statements that they partner with companies based in or operating out of California and graphics showing thousands of active users in the United States; and (3) Intervenors' privacy policy states that the company processes payments via corporations based in California. Opp. 15–18 (citing *Oomph Innovations LLC v. Shenzhen Bolsesic Elecs. Co.*, No. 18-CV-05561-EJD, 2020 WL 5847505, at *2 (N.D. Cal. Sept. 30, 2020) (exercising personal jurisdiction over defendants that "sold products to residents of California, including Plaintiff, through interactive Internet websites")).

Case No.: 22-cv-03218-EJD
ORDER DENYING MOTION TO DISMISS
10

Regarding the business address in Torrance, California, Intervenors argue that Mr. Fuehnen was "unaware of the filing" and because the venture "never became operational," the Intervenors "never benefitted or profited from" California—the state in which it was formed. Reply 15–16. Intervenors also dispute Twitch's evidence regarding Intervenor's website. The websites, Intervenors argue, "merely provide general information on the platform." Reply 15. Intervenors also contend that Twitch misinterprets the graphics on the website; the "2,000 monthly active users" figure purportedly refers to *Canada*, not California—as Twitch contends. *Id.* at 15–16.

Intervenors are German citizens or Germany entities with an apparent overlap with Respondents. Reply 5. For example, online records relating to the registration of New.Loots showed that it was apparently being operated through Loots' CEO, co-founder and representative, Loots Intervenor Fuehnen, with the new website (new.loots.com) being hosted at the exact same URL as the old one (www.loots.com), except that the previous prefix (www.) was replaced with (new.) attached to the same domain (loots.com). *See* Opp. 4, ECF No. 49-1, Declaration of Diana Palacios ("Palacios Decl.") ¶ 18. Mr. Fuehnen, the former CEO of Respondent Fishwood GmbH, states that "there is simply no legal or commercial nexus between the companies." Fuehnen Decl. ¶ 19. Mr. Fuehnen also contends that "[n]one of [his] business dealings, or the dealings of Loots Media GmbH or Fuehnen Holding GmbH, involve or have dealt with California." *Id.* ¶ 23. In sum, Mr. Fuehnen claims no connection with the state. *Id.*

The Court recognizes that, despite Mr. Fuehnen's statements disclaiming any connection to California, Twitch has presented some evidence demonstrating ties to this jurisdiction, including evidence regarding Intervenors' websites and a public business record showing Mr. Fuehnen's name associated with a business incorporated in California. *See* Opp. 15–16. On the record before it, the Court is unable to conclude that Intervenors purposefully availed themselves of the privilege of doing business in California such that the Court may establish personal jurisdiction over them. At the same time, the Court is not convinced that Intervenors can necessarily avoid personal jurisdiction in California given the evidence presented thus far. Under these

Case No.: 22-cv-03218-EJD
ORDER DENYING MOTION TO DISMISS

11

circumstances, where "pertinent facts bearing on the question of jurisdiction are controverted" and "where a more satisfactory showing of the facts is necessary," the Court finds limited jurisdictional discovery is appropriate. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Jurisdictional discovery should be granted where "discovery on th[e] issue might well demonstrate facts sufficient to constitute a basis for jurisdiction." *Payrovi v. LG Chem Am., Inc.*, 491 F. Supp. 3d 597, 608 (N.D. Cal. 2020) (citing *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003)).

Accordingly, this Court finds that limited jurisdictional discovery is warranted, and Twitch is allowed discovery on the extent and nature of Intervenors' contacts with California. Such discovery may include (1) information relating to Intervenors' use of Twitch and/or other streaming entities they place advertisements on based in or with ties to California; (2) information relating to its contractual partners located in California, including the apparent 35 plus entities listed as partners on Intervenors' websites; (3) information relating to users in California; (4) information relating to the migration from loots.com to new.loots.com, and recently, from new.loots.com back to loots.com; and (5) information relating to the Intervenors' disclosure of user information in California and financial transactions through institutions located in California.

### 2. Whether the Claims Arise Out of Forum-Related Activity

The second requirement for specific, personal jurisdiction considers whether the claim asserted in the litigation arises out of the defendant's forum related activities. The Court "must determine if [Twitch] would not have been injured 'but for' the [Intervenors'] conduct directed toward [Twitch] in California." *Panavision*, 141 F.3d at 1322 (9th Cir. 1998).

Intervenors argue that the second requirement for personal jurisdiction fails because Twitch's enforcement of the arbitration award arising from Respondents' breach of contract is unrelated to Intervenors. Mot. 15. In attempting to demonstrate this lack of connection, Intervenors contend that since Mr. Fuehnen was terminated as managing director of Respondent in December 2019, he "no longer had any affiliation with Respondent." Mot. 15.

Twitch counters that "the basis of these confirmation proceedings is the Arbitration in this

Case No.: 22-cv-03218-EJD
ORDER DENYING MOTION TO DISMISS
12

1  District—proceedings that Mr. Fuehnen participated in." Opp. 19. Additionally, Twitch argues that the Arbitrator determined the Loots brand, which Mr. Fuehnen owns, "used Twitch's services and intellectual property . . . just as had been done under the company's original name." Opp. 19.

The Court finds that the claims here appear to arise out of forum-related activity. Mr. Fuehnen participated, at least initially, in the arbitration before falling silent. *See* DJ Order 1. The arbitration forms the basis of these confirmation proceedings in this District. Additionally, Twitch presented evidence that the Intervenors "appear to have migrated from new.loots.com back to loots.com, the same websites operated by Loots." Mot. 19. However, the Court will reserve ruling on this factor following the conclusion of jurisdictional discovery, which may further inform the Court's analysis regarding this factor.

### 3. Whether Exercising Personal Jurisdiction Over Intervenors Would Be Reasonable

The final requirement for specific jurisdiction is reasonableness. For jurisdiction to be reasonable, it must comport with fair play and substantial justice. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000), *holding modified by Yahoo!*, 433 F.3d 1199. Intervenors have the burden to demonstrate unreasonableness and are required to put on a "compelling case." *Id.* The reasonableness determination requires the consideration of several specific factors: (1) the extent of Intervenors' purposeful interjection into the forum state, (2) the burden on the Intervenors in defending in the forum, (3) the extent of the conflict with the sovereignty of the Intervenors' state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the Petitioner's interest in convenience and effective relief, and (7) the existence of an alternative forum. *Id.*

In their opening brief, Intervenors failed to meet their burden to demonstrate unreasonableness, having simply argued that exercising jurisdiction over them would be unreasonable because "[b]y never agreeing to arbitration in Santa Clara County, California, or otherwise availing itself of California or United States law, Intervenors never indicated a

Case No.: 22-cv-03218-EJD
ORDER DENYING MOTION TO DISMISS
13

willingness to defend its legal interests in a forum in California." Mot. 16. On reply, Intervenors contend that, as residents of Germany and not native English speakers, it would be burdensome to defend themselves in California, and "Germany has a strong sovereign interest in regulating its laws." Reply 17.

Twitch argues that California has a strong interest in confirming the valid result of an arbitration litigated in this District and deterring others from participating in similar unlawful schemes. Opp. 20–21.

The Court will reserve ruling on this factor—which involves considering the extent of the Intervenors' purposeful interjection into the forum state—following the conclusion of jurisdictional discovery.

### 4. Other Bases to Find Personal Jurisdiction

The Court is unpersuaded by Twitch's remaining arguments to support exercising personal jurisdiction over Intervenors.

Consent. First, Twitch contends that because Intervenors challenge a portion of the Arbitrator's Final Award, and because Twitch's Terms of Service ("TOS") state that federal and state courts in California "have exclusive jurisdiction over any appeals of an arbitration award," Mr. Fuehnen consented to jurisdiction by participating in the Arbitration. Opp. 10. Intervenors respond that they neither agreed to arbitrate nor bound themselves to the TOS. Reply 13.

In *Voltage Pictures, LLC v. Gussi, S.A. De C.V.*, the court found that an international respondent challenging an arbitration award "waived its ability to raise personal jurisdiction as a defense in [the] action" because the party "agreed to submit to the jurisdiction of courts in the Forum . . . to confirm an arbitration award." No. 21-CV-04751, 2022 WL 18397529, at *3 (C.D. Cal. Mar. 28, 2022), *aff'd but criticized*, No. 23-55123, 2024 WL 413497 (9th Cir. Feb. 5, 2024). On appeal, the Ninth Circuit affirmed this holding and rejected respondent's objection to the district court's exercise of personal jurisdiction over it. Because "it [was] undisputed that [respondent] by entering into the [arbitration agreement], consented and submitted to the district court exercising personal jurisdiction over it," the Ninth Circuit explained that the "only basis for

Case No.: 22-cv-03218-EJD
ORDER DENYING MOTION TO DISMISS
14

[respondent] to contest the district court's exercise of personal jurisdiction over it would be insufficient service of [petitioner's] notice of motion to confirm the arbitral award." *Voltage Pictures*, 2024 WL 413497, at *5 (cleaned up). The court ultimately affirmed because it found that service of the motion was sufficient on respondent. *Id.* at *12.

Here, unlike the party challenging jurisdiction in *Voltage*, Intervenors strongly dispute that it signed the arbitration agreement and participated in the arbitration. Reply 10. Although Mr. Fuehnen appears to have signed the arbitration agreement on behalf of Respondents, the other Intervenors did not. Moreover, Intervenors argue that, as third parties, they "never had the right to respond" and were prevented from participating in the arbitration at all. *Id.* at 10–11. This case is therefore unlike *Voltage Pictures*. Without a more fully developed record as to Intervenors' ties to California, the Court cannot determine that Mr. Fuehnen's agreement to arbitrate on behalf of Respondents is sufficient to constitute consent to personal jurisdiction as to Intervenors. *See Foster v. Device Partners Int'l LLC*, 2012 WL 6115618 (N.D. Cal. Nov. 21, 2012) (recommending dismissal for lack of personal jurisdiction despite defendant's signature on arbitration agreement with "clause requiring the parties to arbitrate disputes in San Francisco").

Aiding and abetting. Twitch next argues the Court can exercise personal jurisdiction over Intervenors because the Arbitrator determined that the Intervenors aided and abetted Loots. Opp. 11. Because Loots signed the arbitration agreement, which subjects Loots to this Court's jurisdiction, Twitch contends that the Court has authority to extend jurisdiction to Intervenors because the Arbitrator determined Intervenors "carried out Loots' scheme." *Id.*; *see Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1392 (9th Cir. 1995) (personal jurisdiction over non-party who assisted violation of an injunction "may be sound, even necessary").

Intervenors explain that the *Reebok* reasoning does not apply to it because Intervenors are non-domestic, and *Reebok* expressed doubt when "a district court seeks to reach out across the Atlantic in an attempt to impose conflicting duties on another country's nationals within its own borders." *Reebok*, 49 F.3d at 1392. The Court agrees and declines to find personal jurisdiction over Intervenors, German residents and entities, based on *Reebok* without a more fully developed

Case No.: 22-cv-03218-EJD
ORDER DENYING MOTION TO DISMISS
15

record as to Intervenors' ties to California.

## IV. CONCLUSION

Twitch's request for limited jurisdictional discovery is GRANTED as described above. Intervenors' motion to dismiss is DENIED without prejudice to renew the motion after Twitch has had a full and fair opportunity to complete jurisdictional discovery consistent with this order. Any disputes regarding the scope of jurisdictional discovery are referred to the magistrate judge.

**IT IS SO ORDERED.**

Dated: May 9, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 22-cv-03218-EJD
ORDER DENYING MOTION TO DISMISS
16